**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2060**

———————

JING PING LIN,

                                             Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                             Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.  (A77-994-592)

———————

Submitted:  April 20, 2005            Decided:  May 18, 2005

———————

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Yee Ling Poon, Jay Ho Lee, LAW OFFICES OF YEE LING POON, New York, New York, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Blair O'Connor, Senior Litigation Counsel, Teresa A. Wallbaum, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jing Ping Lin, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (Board) order denying him asylum, withholding of removal, and protection under the Convention Against Torture.[*]

We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). Credibility determinations of the immigration judge (IJ) and Board are entitled to deference as long as they are supported by substantial evidence. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We have reviewed the evidence of record, the immigration judge's decision, and the Board's order, and we conclude that there is substantial evidence in the record to support the IJ's finding that Lin's testimony was not credible. We further find substantial evidence supports the conclusion that Lin failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2004) (stating that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

---

[*]Lin does not seek review of that part of the order that denied withholding of removal and protection under the Convention Against Torture.

Accordingly, we deny Lin's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED